**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MOH JOHAN JOKO UNTUNG,

      Petitioner,

v.

                                   Case No. 2:26-cv-00817-MIS-GBW

TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; TODD
BLANCHE, Acting Attorney General of the
United States; MARY DE ANDA-YBARRA,
El Paso Field Office Director, Immigration
and Customs Enforcement; and DORA
CASTRO, Warden, Otero County Processing
Center,

      Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Moh Johan Joko Untung's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 18, 2026. The Federal Respondents ("Respondents") filed Objections to the Petition on March 31, 2026 ("Objections"),[1] ECF No. 6, to which Petitioner did not Reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

### I.      Background

Petitioner is a citizen of Indonesia who lawfully entered the United States on December 7, 2022 using a B1 visitor visa. Pet. at 1. Shortly thereafter, Petitioner filed an application for asylum.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

Id.  Petitioner overstayed his visa and on January 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") Officers arrested Petitioner while he was outside of his apartment in Minnesota.  Id.  He is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Id. at 2.

On March 5, 2026, Petitioner was given a bond hearing before an Immigration Judge.  See Order of the Immigration Judge ("IJ Order"), ECF No. 6-1.  The Immigration Judge denied release on bond on the following grounds: "Flight Risk: Form of relief is speculative; VISA over stay then upon entry to USA claims asylum (abuse of visitor visa); lack of ties to USA considering the date of his entry."  Id. at 1.

On March 18, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  ECF No. 1.  The same day, the Court issued an Order instructing Respondents to show cause why the Petition should not be granted.  ECF No. 3.  On March 31, 2026, Respondents filed their Objections.  ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas, 533 U.S. at 687-88).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal

custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner argues that his detention without an individualized custody determination or a bond hearing violates the Fifth Amendment's Due Process Clause; that his detention falls under 8 U.S.C. § 1226(a); and that his continued detention without individualized review constitutes arbitrary and capricious agency action under 5 U.S.C. § 706.  ECF No. 1 at 2.  Respondents argue that the Court should deny the Petition because Petitioner has been given a bond hearing under 8 U.S.C. § 1226(a), and the Court lacks subject matter jurisdiction to review the Immigration Judge's decision.  ECF No. 6 at 3.

On the record before it, the Court is constrained to conclude that Petitioner's detention is not unlawful.  It appears undisputed—and the Court finds—that Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole.  8 U.S.C. § 1226(a)(1)-(2).  On March 5, 2026, Petitioner received a bond hearing under 8 U.S.C. § 1226(a).  IJ Order, ECF No. 6-1.  The Due Process Clause is satisfied when a noncitizen detained under 8 U.S.C. § 1226(a) receives an adequate bond hearing.  Barry v. Lyons, Case No. 1:26-cv-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6. 2026) ("[T]he Court finds that a bond hearing pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem, Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing need not occur prior to his re-detention.").  Here, there is no evidence or argument that Petitioner's bond hearing was inadequate.

The Immigration Judge denied Petitioner's release from custody finding that he is a flight risk, id., and that decision is not subject to judicial review.  8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Chen v. Dorneker, CASE NO. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Finally, "[i]t is neither arbitrary nor capricious to detain [noncitizens] when necessary to avoid the risk of flight." Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting).

Because Petitioner received due process, and because the Court cannot review the Immigration Judge's bond determination, the Petition for Writ of Habeas Corpus is denied.

## IV.      Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.      Petitioner Moh Johan Joko Untung's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**;

2.      All pending motions are **DENIED AS MOOT**; and

3.      This case is now **CLOSED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE